.UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VALENCIA EVERHART,

    Plaintiff,

        v.

CREDIT VISION, INC.,

    Defendant.

Case No. 1:20-cv-670

Cole, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

**I.    Background**

Plaintiff Valencia Everhart initiated this lawsuit on August 27, 2020, alleging that Defendant Credit Vision, Inc. violated the Fair Debt Collection Practices Act ("FDCPA") when it failed or refused to flag Plaintiff's account reflecting her alleged debt as disputed. (Doc. 1). On January 6, 2021, Plaintiff filed an Affidavit stating that she had served Defendant c/o Christopher Falco on November 20, 2020. (Doc. 5). On August 13, 2021, Plaintiff moved for the entry of default judgment against Defendant, which motion has been referred to the undersigned. (Docs. 3, 8). The undersigned now recommends that Plaintiff's motion be GRANTED IN PART, entering default judgment against Defendant with a specific award to follow after additional proof of damages is shown.

**II.    Analysis**

In order to obtain a default judgment under Federal Rule of Civil Procedure 55, a plaintiff first must request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Here, Plaintiff obtained the requisite entry of default after Defendant failed to appear. (*See* Docs. 6, 7). Upon the Clerk's entry of default, the complaint's factual

allegations regarding liability are taken as true, but the amount of damages must be proven. In appropriate cases, a court may determine damages without a hearing.

> Rule 55(b)(2) provides that a district court "may" hold a hearing on a motion for default judgment when necessary to "conduct an accounting," or "determine the amount of damages." In other words, the Rule, "by its terms, allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.")).

*Mickens v. Sweet Twist Frozen Yogurt, LLC*, 2021 WL 2069762, at *2 (S.D. Ohio May 24, 2021).

Plaintiff requests $5,000 for actual damages and $1,000 in statutory damages under the FDCPA, for a total of $6,000.[1] (Doc. 8). Specifically, Plaintiff asserts actual damages based upon emotional distress. In order to recover emotional distress damages under the FDCPA, a plaintiff must show "more than transitory symptoms of emotional distress[.]" See *Davis v. Creditors Interchange Receivable Mgmt., LLC*, 585 F.Supp.2d 968, 976 (N.D. Ohio 2008); see also, generally, *McCollough v. Johnson, Rodenberg & Launinger, LLC*, 637 F.3d 939, 957 (9th Cir. 2011); *Chiverton v. Federal Financial Group, Inc.*, 399 F.Supp.2d 96, 102 (D. Conn. 2005).

Further, while a plaintiff may rely on her own testimony to prove actual damages, the plaintiff must also "'explain the circumstances of h[er] injury in reasonable detail,' and must not 'rely on conclusory statements' unless the 'facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer

---

[1] Plaintiff also requests her costs and attorney's fees pursuant to Fed. R. Civ. P. 54(d).

2

emotional distress from the defendant's action.'"[2] Here, Plaintiff's conclusory assertions that she suffered emotional distress as a result of Defendant's action (or inaction) are insufficient to support her claim for emotional distress damages absent additional proof. Plaintiff's complaint alleges that Defendant is attempting to collect a debt "allegedly owed" to Appliance Warehouse in the amount of $1,317.00, which debt Plaintiff disputes. (Doc. 1 at ¶¶5-6). Plaintiff further alleges that on June 5, 2019 Plaintiff sent Defendant a letter disputing the debt, and that on August 7, 2019, an entity identified as "CBC Innovis" obtained Plaintiff's credit file. (Id. at ¶¶ 8-9). Plaintiff states that she obtained her credit file on the same August 7 date and learned that Defendant had "failed or refused to flag the account" as a disputed debt. Plaintiff alleges "pecuniary and emotional damages" based upon an alleged "degraded credit report and credit score" but offers no further explanation of what, if any, adverse action may have occurred or support for any specific amount of damages. (Id. at ¶¶14, 20), This is not a case where the alleged conduct of the Defendant, taken as true, is so inherently degrading that a reasonable person would have suffered emotional distress.[3]

---

[2] *Miller v. Prompt Recovery Servs., Inc.*, 2013 WL 3200659 (N.D. Ohio June 24, 2013) (quoting *Davis*, 585 F.Supp.2d at 976).

[3] In *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190 (2021), the Supreme Court held that the mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm under the Fair Credit Reporting Act as required to confer Article III standing. However, given the lack of Sixth Circuit case law as to what might satisfy standing under the different statutory scheme of the FDCPA, the Court will assume that standing exists. "[M]ost courts across the country… have found that an alleged FDCPA violation alone is sufficient to confer standing because it establishes that the consumer suffered the type of harm Congress intended to prevent. *Mayfield v. Ltd Financial Servs., L.P.*, 2021 WL 4481089, at *4 (S.D.Tex., Sept. 30, 2021) (collecting cases); *but see Foster v. AFNI, Inc.*, 2020 WL 1531651, at *4 (E.D.Mich., March 31, 2020) (granting summary judgment on standing issue where record was devoid of any evidence from which a jury could find that Plaintiff's credit score changed because Defendant failed to report her debt as disputed, or that she suffered emotional distress).

The Court recognizes that Plaintiff may be able to submit sufficient proof of her emotional distress through an Affidavit, or some other filing that is short of a full evidentiary hearing. However, absent supplementation of the record, the undersigned declines to recommend an amount of damages at this time.

### III. Conclusion and Recommendation

Based upon the analysis above, **IT IS RECOMMENDED THAT:**

1. Plaintiff's motion for the entry of default judgment (Doc. 8) should be **GRANTED IN PART**;

2. Within fourteen (14) days of the date of this R&R, Plaintiff should be directed to supplement the record with an Affidavit or other additional proof to support an award of the claimed pecuniary and/or emotional distress damages. If Plaintiff fails to supplement the record, the request for damages should be denied based on the failure of proof.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

VALENCIA EVERHART,

    Plaintiff,

        v.

CREDIT VISION, INC.,

    Defendant.

Case No. 1:20-cv-670

Cole, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).